UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES D. *on behalf of* STEPHEN D.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:20-cv-5752-BAT

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff, on behalf of his deceased son, appeals denial of Disability Insurance Benefits. He contends the ALJ erred by rejecting the medical opinion of treating chiropractor Mitchell E. Derrick, D.C., and requests the Court reverse and remand for further administrative proceedings. Dkt. 10.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

The claimant was born in 1966, had a high school education, and worked as a driver sales representative and stock clerk.  Tr. 27.  The relevant period is from the alleged disability date of January 1, 2017, through March 17, 2019, the date of the claimant's death.  Tr. 15.  The ALJ concluded the claimant was limited to light work by his severe impairments, which included

1  arthritis; degenerative disc disease; spondylosis; carpal tunnel syndrome, status post surgical

2  release; neuropathy; and shoulder abnormalities.  Tr. 17, 20-21.

### DISCUSSION

4  Because the claimant filed his claim after March 27, 2017, new regulations apply to the

5  ALJ's evaluation of medical opinion evidence.  The ALJ must articulate and explain the

6  persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the

7  two most important factors in the evaluation.  20 C.F.R. § 404.1520c(a), (b).  The "more relevant

8  the objective medical evidence and supporting explanations presented" and the "more

9  consistent" with evidence from other sources, the more persuasive a medical opinion or prior

10  finding.  *Id*. at (c)(1)-(2).  At the least, this appears to necessitate that an ALJ specifically

11  account for the legitimate factors of supportability and consistency in addressing the

12  persuasiveness of a medical opinion.  The Court must, moreover, continue to consider whether

13  the ALJ's analysis has the support of substantial evidence.  *See* 42 U.S.C. § 405(g) ("findings of

14  the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

15  conclusive").

16  The parties cover many pages arguing about whether the ALJ could discount Dr.

17  Derrick's opinions for "germane reasons" under Ninth Circuit precedent or an "appropriate

18  rationale" under new regulations.  Dkt. 12 at 4; Dkt. 11 at 12.  The Court need not address this

19  dispute, however, because under either standard of review the Court concludes the ALJ erred in

20  discounting Dr. Derrick's opinions.

21  In May 2017, Dr. Derrick filled out a Medical Report, providing diagnoses of "chronic

22  osteoarthritis of the spine … complicated by rheumatoid arthritis," causing chronic pain.  Tr.

23  353.  He opined the claimant would miss at least four days of work per month due to "pain so

severe at times, [he] would need to rest often. [It would] most likely get worse over time."  Tr.

ORDER REVERSING DENIAL OF BENEFITS AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 2

1    353.  Right shoulder impairments limited him to occasional handling and reaching with the right

2    upper extremity.  Tr. 354.

3          The ALJ did not err by discounting Dr. Derrick's opinion limiting right arm use.  Records

4    from July to September 2017 show meloxicam "help[ed] quite a bit with … shoulder pain…."

5    Tr. 716.  "Such evidence of medical treatment successfully relieving symptoms can undermine a

6    claim of disability."  *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

7          However, none of the ALJ's reasons for discounting Dr. Derrick's opinion regarding

8    missing work were supported by substantial evidence.  The ALJ found the opinion "not

9    persuasive" because later medical records showed the claimant was "far less limited" and his

10   condition did not worsen as predicted.  Tr. 27.  But the records the ALJ cited were only two to

11   four months later than Dr. Derrick's report.  Dr. Derrick did not indicate worsening would

12   happen within such a short time period.

13         The ALJ found there was "no way to know" why Dr. Derrick opined the claimant would

14   miss work, but Dr. Derrick explained severe pain was the reason.  Tr. 27; Tr. 353.

15         The ALJ's finding "over-the-counter medication [was] effective at treating [the

16   claimant's] pain" was unsupported by the record.  Tr. 27.  The cited treatment notes, from July to

17   September 2017, refer to prescription medications, such as meloxicam.  Tr. 706-16.  To the

18   extent the ALJ discounted Dr. Derrick's opinions based on effective prescribed treatment, the

19   records only indicate some symptoms were "partially and significantly relieved with

20   meloxicam."  Tr. 715.  Meloxicam "help[ed] quite a bit with knee pain, hip pain, shoulder pain,

21   but [not] as much with low back pain."  Tr. 716.  "Low back pain/stiffness" continued

22   throughout the cited records.  Tr. 706.  Because Dr. Derrick's opinion was based on spine

23   impairments causing severe pain, improvement in other areas did not contradict his opinions.

ORDER REVERSING DENIAL OF BENEFITS AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 3

1        The ALJ found Dr. Derrick's opinion less persuasive than the opinion of chiropractor

2   Kevin M. Small, D.C., who examined the claimant for purposes of assessing the effects of a

3   February 2017 motor vehicle accident.  Tr. 26-27.  The ALJ found Dr. Small's opinion

4   "generally consistent with the conclusions of the State agency medical consultant," while Dr.

5   Derrick's opinions had "no other opinion evidence support in the record."  Tr. 27.  However, the

6   ALJ's interpretation of Dr. Small's opinions is not supported by substantial evidence.

7        Dr. Small examined the claimant in May 2017 and concluded he could perform his past

8   work "as it relates to the accident-related neck and back pain."  Tr. 960, 952.  However, "based

9   on his polyarthralgia, his recent carpal tunnel release and the probable right carpal tunnel

10  syndrome which are all unrelated to the accident, he may have some difficulties getting back to

11  that job…."  Tr. 960.  The ALJ erred by comparing Dr. Small's opinion considering a subset of

12  the claimant's impairments to Dr. Derrick's opinion considering all impairments.

13       Furthermore, the ALJ misread Dr. Small's opinion, stating he "did not feel that ongoing

14  treatment would be necessary."  Tr. 26.  On the contrary, Dr. Small stated "[a]dditional care is

15  advised" and recommended twice-weekly physical therapy and "follow[ing] up with a physician

16  regarding right shoulder pain," right wrist, and probable carpal tunnel syndrome.  Tr. 960.  Given

17  the ALJ's misinterpretation of Dr. Small's opinions, this was not an adequate reason to discount

18  Dr. Derrick's opinions.

19       The Commissioner contends the claimant's activities undermine Dr. Derrick's opinions,

20  but this is a *post hoc* rationale on which the Court cannot rely.  *See Bray v. Comm'r of Soc. Sec.*

21  *Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995).

22       The Court concludes the ALJ erred by discounting Dr. Derrick's opinion the claimant

23  would miss at least four days of work per month.

ORDER REVERSING DENIAL OF BENEFITS AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 4

1

**CONCLUSION**

2     For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is

3 **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

4     On remand, the ALJ shall reevaluate Dr. Derrick's opinions, reassess the RFC as

5 appropriate, and proceed to step five as necessary.

6     DATED this 18th day of February, 2021.

7

8                                    _____

                                   BRIAN A. TSUCHIDA

9                                    Chief United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER REVERSING DENIAL OF BENEFITS AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 5